# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MITCHELL J. SHERMAN,

      Plaintiff,

  v.                                                                    Case No. 13-CV-1355

CATHY JESS, WARDEN PAUL KEMPER,
JASON ALDANA, LUCAS WEBER,
MICHAEL WITT, and KATHLEEN NABRZYSKI,

      Defendants.

## DECISION AND ORDER

Motions to Appoint Counsel

Plaintiff has filed two motions to appoint counsel (Docket 20, 26).[1] Plaintiff contends that his claims, which includes a claim under the Religious Land Use and Institutionalized Persons Act (RLUIPA), are complex and that a lawyer would better comprehend them, citing McEachin v. McGuinnis, 357 F.3d 197, 205 (2d Cir. 2004) (district court was to consider recruiting counsel for pro se prisoner given possibility that remaining First Amendment claim might be amended or construed to state claim under RLUIPA, a statute that might present complex legal issues). He also asserts that he is distinctly disadvantaged in conducting discovery due to his incarceration. Plaintiff further states that he lacks the ability and experience to handle a jury trial.

The court has discretion to recruit counsel to represent a litigant who is unable to afford one in a civil case. Navejar v. Iyiola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §

---

[1] The motions contain the same arguments. I will therefore deny as moot the former motion and address the latter motion. I also note that plaintiff did not sign the first motion. See Fed. R. Civ. P. 11(a).

1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). If the plaintiff makes a reasonable attempt to secure counsel, the court must examine "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." Navejar, 781 F.3d at 696 (citing Pruitt, 503 F.3d at 655). This inquiry focuses not only the plaintiff's ability to try his case, but also includes other "tasks that normally attend litigation" such as "evidence gathering" and "preparing and responding to motions." Id.

Here, plaintiff has satisfied the threshold requirement of trying to find an attorney on his own. He claims (RLUIPA, First Amendment free exercise, Fourteenth Amendment equal protection, Eighth Amendment conditions of confinement) are against six defendants and are based on two stays of approximately two weeks each in temporary lock-up at Racine Correctional Institution. Plaintiff has demonstrated an impressive ability to engage in pretrial discovery and otherwise litigate his case so far. He recently filed a motion to compel discovery. Plaintiff's filings demonstrate that he is capable of proceeding on his own at this time. Thus, I will deny his motion for counsel.

## Motion to Amend the Complaint

On October 15, 2014, plaintiff filed a motion to amend the complaint along with a proposed amended complaint (Docket 28).[2] He seeks to add four defendants – Nancy

---

[2] Previously, plaintiff filed a motion to amend the complaint (Docket 22) but he subsequently filed a motion to withdraw that motion (Docket 25). I will grant the motion to withdraw.

Padgett, Brenda M. LaBelle, John Paquin, Robert Humphreys – who were allegedly involved in his claims. Plaintiff alleges that Padgett and LaBelle are liable based on their involvement in the inmate complaint process, that former Warden Paquin is liable based on his position as warden, and that Humphreys is liability based on his position as supervisor to defendant Kemper. Defendants have not filed a response to the motion.

Leave to amend a pleading should be freely given "when justice so requires." See Fed. R. Civ. P. 15(a)(2). The decision on whether to allow the amendment is within the discretion of the district court. Foman v. Davis, 371 U.S. 178, 182 (1962). Reasons for denying a motion to amend include "undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." Id.

Section 1983 limits liability to public employees "for their own misdeeds, and not for anyone else's." Burks v. Raemisch, 555 F.3d 592, 595-96 (7th Cir. 2009). Top-level administrators are entitled to relegate to others the primary responsibility for specific prison functions without becoming vicariously liable for the failings of their subordinates. Id. Likewise, those who review administrative decisions of others, such as prison grievance officers, are not liable either. Id.; George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation."); Johnson v. Snyder, 444 F.3d 579, 584 (7th Cir. 2006). Here, allowing plaintiff to amend his complaint would be futile because the four individuals identified in his amended complaint were not personally involved in his claims. Therefore, the motion will be denied.

Discovery

On September 11, 2014, plaintiff filed a motion for extension of time to conduct discovery (Docket 24). He asserts that an extension of time equal to the first time limit should be sufficient. According to plaintiff, based on discovery he has received thus far, he will seek add new defendants and will need to conduct discovery as to the new defendants. However, as set forth herein, plaintiff was not permitted to add new defendants. Thus, his motion will be denied.

Plaintiff has also filed a motion to compel discovery (Docket 27). Defendants have not filed a response to the motion.[3] They should file a response by December 12, 2014.

Defendants' Motion for Summary Judgment

Defendants filed a motion for summary judgment on October 20, 2014 (Docket 30). They also filed a motion to exceed page limitation (Docket 31) in which they assert that they need more than the 30 pages allowed by Civil Local Rule 56(b)(8) in order to fully present their argument. Upon due consideration, I will grant this motion.

Lastly, plaintiff has filed a request to deny or stay summary judgment until he has obtained the necessary discovery from defendants to oppose their motion. Plaintiff need not respond to defendants' motion for summary judgment until his motion to compel is resolved and discovery is completed.

**THEREFORE, IT IS ORDERED** that plaintiff's motion for appoint counsel (Docket # 20) is **DENIED**.

---

[3] Defendants did file an affidavit on October 16, 2014, demonstrating that the parties have engaged in discovery.

4

**IT IS FURTHER ORDERED** that plaintiff's motion to amend/correct complaint (Docket # 22) is **WITHDRAWN**.

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time (Docket # 24) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to withdraw motion to amend/correct complaint (Docket # 25) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket # 26) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to amend/correct complaint (Docket # 28) is **DENIED**.

**IT IS FURTHER ORDERED** that defendants' motion for leave to file excess pages (Docket # 31) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendants file a response to plaintiff's motion to compel on or before **December 12, 2014**.

Dated at Milwaukee, Wisconsin, this 24th day of November, 2014.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge