# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MITCHELL J. SHERMAN,**

    **Plaintiff,**

    v.                                       Case No. 13-CV-1355

**CATHY JESS, et al.,**

    **Defendants.**

## DECISION AND ORDER

Motion to Compel Discovery

On October 8, 2014, plaintiff filed a motion to compel discovery.[1] He requests that the court compel defendants to provide additional answers to his Interrogatories 4, 7-8, 10-12, and 16. Plaintiff also requests that the court compel responses to his requests for admissions and requests for production of documents, which defendants did not answer because they were untimely pursuant to the court's scheduling order.

Plaintiff submitted sixteen written interrogatories to each of the six defendants in this case. Defendants responded to all of the interrogatories "in a good faith effort to provide the plaintiff with his discovery" (although they could have objected because Civil Local Rule 33 limits the number of written interrogatories to twenty-five per party). (ECF No. 49 at 2.)

**A. Plaintiff's Interrogatory 4**

This interrogatory asks each defendant for their assigned duties for every position they have ever held with the Wisconsin Department of Corrections (DOC). (ECF No. 29,

---

[1] On November 24, 2014, I directed defendants to respond to the motion, which they did on December 10, 2014. Plaintiff filed a reply on December 30, 2014.

Bachhuber Aff. Ex. 1007, 2; Ex. 1008, 2; Ex. 1009, 2; Ex. 1010, 2; Ex. 1011, 2; Ex. 1012, 2.) Defendants each provided their official job description for the positions they held at the time of the alleged incident with the exception of Division of Adult Institution Administrator Cathy Jess because she does not have an official job description. (ECF No. 50, Bachhuber Decl. ¶ 11, Ex. 1014; ECF No. 29, Bachhuber Aff., ¶ 9, Ex. 1011, 2.) Instead, Administrator Jess described her assigned duties to the best of her ability in her answer to Interrogatory 4. (Id.) Defendants objected to plaintiff's request that they provide the duties of their positions other than those held at the time of the incident not reasonably calculated to lead to relevant, admissible evidence to the claims involved in this case.

In his motion to compel, plaintiff contends that the duties of defendants' former positions are relevant because if a defendant previously held a position he may have been aware that another defendant who held the position at the time of the incident was performing the position incorrectly and thereby had knowledge that plaintiff's constitutional rights were being violated. I am not persuaded by plaintiff's logic that defendants should be required to provide job descriptions for all previous positions they held within the DOC. Defendants' job descriptions at the time of the incident are sufficient - and defendants have provided that information. In any event, state officials are only responsible for their direct, personal involvement with plaintiff's claims. See Sheik-Abdi v. McClellan, 37 F.3d 1240, 1248 (7th Cir. 1994).

**B. Plaintiff's Interrogatory 7**

Interrogatory 7 asks defendants to identify and locate any person who, to their or their attorney's knowledge, claims to know of facts relevant to the conduct described in plaintiff's interrogatories. Counsel for defendants objected to this interrogatory as

requesting information that may amount to privileged work product. (ECF No. 29, Bachhuber Aff. Ex. 1007, 2; Ex. 1008, 2; Ex. 1009, 2-3; Ex. 1010, 2; Ex. 1011, 3; Ex. 1012, 2-3.) Subject to the objection, each defendant responded to the best of his or her recollection. (Id.) Defendants responded that either they did not recall the incident or did not know anyone who knew about the incident. (Id.)

According to defendants, counsel does not have any additional information, privileged or otherwise, that is responsive to this interrogatory. Defendants assert that they stated their objection "because the defendants have a duty to supplement their responses and counsel's continued investigation of these claims could have the potential to uncover additional persons claiming to have knowledge of relevant evidence related to his claims." (ECF No. 49 at 3-4.) I am satisfied that defendants have answered this interrogatory.

### C. Plaintiff's Interrogatory 8

This interrogatory asks defendants about any disciplinary actions against them in the past and the facts surrounding each incident. Defendants objected to the interrogatory on the grounds that it was not reasonably calculated to lead to the discovery of relevant, admissible evidence. (ECF No. 29, Bachhuber Aff. Exs. 1007, 3; Ex. 1008, 3; Ex. 1009, 3; Ex. 1010, 2; Ex. 1011, 3; Ex. 1012, 3.)

In his motion to compel, plaintiff states that defendants' past conduct is relevant because the issues in this suit may rely on their character. However, such evidence would be inadmissible under Fed. R. Evid. 404(b). In addition, disclosing personnel information to inmates could lead to misuse of that information by the inmate - it could be used to obtain power over the correctional officer or to obtain favorable treatment or contraband. See Ruffino v. Faucher, 2012 WL 3637636 (D. Conn. Aug. 22, 2012) (unpublished).

3

Ensuring prison safety is a sufficient reason for refusing a discovery request. See Peate v. McCann, 294 F.3d 879, 884-885 (7th Cir. 2002). This interrogatory is overly broad. Moreover, disclosing this type of information to an inmate raises serious security implications. Therefore, I will not compel defendants to respond to Interrogatory 8.

### D. Plaintiff's Interrogatory 10-12

Plaintiff's Interrogatory 10 asks how often holy books are delivered to inmates from the initial pack up of an inmate's property who has been placed in TLU. (ECF No. 29, Bachhuber Aff. Exs. 1007, 3; Ex. 1008, 3; Ex. 1009, 3; Ex. 1010, 3; Ex. 1011, 3-4; Ex. 1012, 3.) Interrogatory 11 asks how often holy books are "delivered to inmates with and without being requested in segregation." (ECF No. 29, Bachhuber Aff. Exs. 1007, 3; Ex. 1008, 3; Ex. 1009, 3; Ex. 1010; 3, Ex. 1011, 4; Ex. 1012, 3.) Interrogatory 12 asks which holy books specifically are "delivered to inmates with and without a request." (ECF No. 29, Bachhuber Aff. Exs. 1007, 4; Ex. 1008, 4; Ex. 1009, 4; Ex. 1010, 3; Ex. 1011, 4; Ex. 1012, 3.)

Defendants assert that they answered these interrogatories and that, to the best of their knowledge, no additional information exists. Plaintiff asserts that he "feels that the defendants' answers were not completed by all defendants[.]" (ECF No. 59 at 2.) However, he does not indicate which responses require additional information.

Defendants answered Interrogatories 10-12. I will therefore deny plaintiff's motion to compel as to the discovery requests.

4

### E. Plaintiff's Interrogatory 16

Interrogatory 16 asks, "How are relevant assigned responsibilities made and fulfilled?" (Bachhuber Aff. Exs. 1007, 4; Ex. 1008, 4; Ex. 1009, 4; Ex. 1010, 4; Ex. 1011, 5; Ex. 1012, 4.) Counsel for defendants objected to this request because it is so vague and ambiguous that the defendants could not respond. (Id.) Counsel further objected because it calls for speculation. (Id.)

In his motion to compel, plaintiff explains that this request asks "who is responsible for recording inmate showers, giving inmate showers, appointing the job to another, collecting property, distributing property, etc…." (ECF No. 27 at p. 2.) Plaintiff further acknowledges that to ask each question would require leave from the court to allow additional interrogatories. (Id.)  In response, defendants contend,

> Sherman is correct that he should have properly asked for that information in separate interrogatories. There was no way for defendants to discern his intended inquiry from an interrogatory that vaguely asked how are "relevant assigned responsibilities made and fulfilled." (Id.) Sherman's clarification reveals that his intended request is multifarious and would contain numerous, separate requests disguised as a single interrogatory. Defendants have already answered 96 interrogatories. (Bachhuber Decl. Exs. 1007-1012.) Most of the defendants offered information related to how an inmate could request his holy book while in TLU at RCI in their discovery responses. (Id.) In addition, Sgt. Michael Witt's Declaration offered in support of Defendants' Motion for Summary Judgment discusses the procedure for inmate showers in the segregation unit at RCI (Witt Decl. ¶ 23, ECF No. 37.) Thus, this court should not compel an answer to this interrogatory because the information has largely been disclosed through other filings and because the defendants have already answered more interrogatories than the local rules allow without leave of the court.

(ECF No. 49 at 6-7.)  I will not compel defendants to answer Interrogatory 16 for the reasons cited by defendants.

Next, plaintiff contends that defendants failed to respond to his requests for production of documents and requests for admissions.  Defendants assert that they did not

5

respond to them because they were untimely.  Pursuant to the court's scheduling order, the deadline for the completion of discovery was September 19, 2014.  According to defendants, plaintiff served them by mail with the discovery requests on August 21, 2014, several days late.  See Civil L.R. 26(c) (E.D. Wis.).  Defendants also state that the majority of plaintiff's discovery requests are "just more interrogatories disguised as admissions." (ECF No. 49 at 7.)  They also cite to the court's November 24, 2014, order denying plaintiff's motion for extension of time to conduct discovery, although that decision was related to plaintiff's request to conduct additional discovery based on his motion to amend the complaint, which I denied.  Defendants further state that even if I extend the time period and compel them to respond to the requests for admissions, they would be unable to admit or deny most of the requests because they are not phrased in a way that defendants can admit or deny.

Plaintiff asserts that he mailed his discovery requests as soon as he could and that he was delayed because he was unable to get the services of a notary until the date stamped on the discovery requests.  He seems to think that he needed to wait to receive defendants' responses to his requests for interrogatories before mailing defendants his requests for production of documents and requests for admissions.  Plaintiff also states that he thought he had until September 19, 2014, to make his discovery requests and that he did not know that that deadline accounts for defendants' time to respond.

Plaintiff's discovery requests were untimely.  "Although civil litigants who represent themselves ("pro se") benefit from various procedural protections not otherwise afforded to the attorney-represented litigant . . . pro se litigants are not entitled to a general dispensation from the rules of procedure or court-imposed deadlines." Downs v. Westphal,

78 F.3d 1252, 1257 (7th Cir. 1996). However, it appears that plaintiffs' tardiness was a mistake and, at most, excusable neglect. See Fed. R. Civ. P. 6(b). Therefore, under the circumstances, I will compel defendants to respond to the discovery requests.[2] They should respond by **May 22, 2015**. Plaintiff shall file his response to defendants' motion for summary judgment by **June 22, 2015**.[3] Defendants shall file their reply by **July 6, 2015**.

<u>Plaintiff's Motion for Reconsideration</u>

Plaintiff has filed a motion for reconsideration of the court's November 24, 2014, order to the extent that it denied his motion to amend the complaint, denied his motion for extension of time to conduct discovery, and denied his motion to appoint counsel.

The second sentence of Rule 54(b) states that:

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

A district court will grant a motion for reconsideration when: (1) the court has patently misunderstood a party; (2) the court has made a decision outside the adversarial issues presented to the court by the parties; (3) the court has made an error not of reasoning but of apprehension; (4) there has been a controlling or significant change in the law since the

---

[2] Based on defendants' assertions, they may object to many of plaintiff's requests for admissions.

[3] Plaintiff has already filed two responses to defendants' motion for summary judgment, on November 26, 2014, and on February 29, 2015. However, he must file one, comprehensive response by the June 22, 2015. Plaintiff filed a motion to exceed page limitations along with each of his summary judgment responses. I will deny as moot these motions.

7

submission of the issue to the court; or (5) there has been a controlling or significant change in the facts since the submission of the issue to the court. Bank of Waunakee v. Rochester Cheese Sales Inc., 906 F.2d 1185, 1191 (7th Cir.1990).

As an initial matter, regarding the extension of time for discovery, plaintiff's request is moot because I granted his motion to compel defendants to provide the discovery.

Turning to his motion to reconsider my decision denying his motion to amend the complaint, I denied the motion because plaintiff sought to add four defendants who were not personally involved in his claims. Specifically, plaintiff sought to add two prison officials who participated in processing plaintiff's offender complaints through the Inmate Complaint Review System, the prison warden, and the supervisor of one of the defendants. In his motion to reconsider, plaintiff asserts that these defendants may be liable because they became aware of the violations and failed in their duties to recognize the risk to plaintiff. However, despite plaintiff's assertions, he has not shown that I erred in denying his motion to amend the complaint. See Burks v. Raemisch, 555 F.3d 592, 595-96 (7th Cir. 2009); George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007); Johnson v. Snyder, 444 F.3d 579, 584 (7th Cir. 2006).

Lastly, plaintiff contends that I should have granted his motion to appoint counsel based on his misunderstanding of the discovery deadline as well as his overall lack of legal knowledge and access to the courts compared with counsel for defendants. It is true that "[a]lmost everyone would benefit from having a lawyer[.]" Henderson v. Ghosh, 755 F.3d 559, 564 (7th cir. 2014). However, based on my evaluation of plaintiff's claims and his competency, I have determined that plaintiff is more than capable of proceeding on his own at this time. Plaintiff's motion for reconsideration does not change my determination.

8

**THEREFORE, IT IS ORDERED** that plaintiff's motion to compel (ECF No. 27) is **GRANTED IN PART AND DENIED IN PART**. The motion is denied as to plaintiff's Interrogatories 4, 7-8, 10-12, and 16. The motion is granted as to plaintiff's requests for admissions and production of documents; defendants shall respond to those discovery requests by **May 22, 2015**.

**IT IS FURTHER ORDERED** that plaintiff's response to defendants' motion for summary judgment is due by **June 22, 2015**, and defendants' reply is due by **July 6, 2015**.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to file excess pages (ECF No. 44) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion for reconsideration (ECF No. 58) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to enlarge page limitation (ECF No. 63) is **DENIED AS MOOT**.

Dated at Milwaukee, Wisconsin, this 30th day of April, 2015.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge